1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  HUMAN TOUCH, LLC (formerly | Case No. CV 06-1902 VBF PLAx |
| 12  INTERACTIVE HEALTH, LLC) and DAITO DENKI KOGYU K.K., d/b/a | |
| 13  DAITO ELECTRIC MACHINE INDUSTRY COMPANY, LTD., | **JUDGMENT ON CLAIMS** |
| | **AGAINST KING KONG USA,** |
| 14        Plaintiffs, | **INC., AMERICAN LIGHTING** |
| | **INDUSTRY, INC. AND** |
| 15        vs. | **BERNARD KOAY, AND THE** |
| | **COUTNERCLAIMS OF** |
| 16  KINGKONG USA, INC., | **DEFENDANT KING KONG USA,** |
| 17  AMERICAN LIGHTING INDUSTRY, INC., BERNARD | **INC.** |
| 18  KOAY, an individual, HEALTHFIRST LLC, WFO IMPORTS, LLC and BLAIR HAYES, an individual, | |
| 19 | |
| 20        Defendants. | |
| 21 | **Hon. Valerie Baker Fairbank** |
| 22 | |
| 23  KINGKONG USA, INC., | |
| 24        Counterclaimant, | |
| 25        vs. | |
| 26  HUMAN TOUCH, LLC, | |
| 27        Counterdefendant. | |
| 28 | |

CHRISTIE, PARKER & HALE, LLP

-1-

Plaintiff Human Touch, LLC's trademark infringement, trade dress infringement, and unfair competition claims and the related counterclaims of Defendant KingKong USA, Inc. ("KingKong") in this action having come on regularly for jury trial, the Honorable Valerie Baker Fairbank presiding, those claims and related counterclaims having been tried to a jury, and the jury having rendered its verdict thereon, a copy of which is attached hereto as Exhibit A;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that United States Trademark Registration No. 2,556,765 for the mark HTT HUMAN TOUCH TECHNOLOGY, held by Plaintiff, and United States Trademark Registration No. 2,570,377 for the mark HTT HUMAN TOUCH TECHNOLOGY, held by Plaintiff, are valid; that Plaintiff owns and has rights in the unregistered trademarks HUMAN TOUCH, HT HUMAN TOUCH, and HUMAN TOUCH TECHNOLOGY; that one or more of these registered or unregistered marks have been infringed by Defendant KingKong; that Defendant Bernard Koay ("Koay") induced such trademark infringement; and that Defendants KingKong and Koay acted intentionally;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff holds and has held valid and protectable trade dress in the HTT-10 / HT-120 / HT-125 models of massage chair from a time before KingKong USA, Inc.'s introduction of its Leisure models of massage chair; that in connection with the advertising and sale of the Leisure models such trade dress has been infringed by Defendant KingKong.; that Defendant Koay induced such trade dress infringement; and that Defendants KingKong and Koay acted intentionally;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that each of Defendants American Lighting Industry, Inc., KingKong USA, Inc., and Bernard Koay (collectively "KKUI Defendants") unfairly competed against Plaintiff through acts of trademark infringement of registered and unregistered marks, trade dress infringement, and inducing trademark and trade dress

-2-

infringement, and that Defendants acted intentionally;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall have and recover from Defendant American Lighting Industry, Inc. judgment in the principal amount of Four Million Five Hundred Fifty-Five Thousand Two Hundred Fifty Dollars ($4,555,250), post-judgment interest in accordance with 28 U.S.C. § 1961, and costs;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall have and recover from Defendant KingKong USA, Inc. judgment in the principal amount of Two Million Eight Hundred Thirty-Three Thousand Three Hundred Seventy-One Dollars ($2,833,371), along with prejudgment interest, post-judgment interest in accordance with 28 U.S.C. § 1961, and costs;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall have and recover from Defendant Bernard Koay judgment in the principal amount of Four Hundred Twenty-Five Thousand Five Dollars ($425,005), along with prejudgment interest, post-judgment interest in accordance with 28 U.S.C. § 1961, and costs.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the counterclaims of Counterclaimant KingKong USA, Inc. for non-infringement, invalidity, unenforceability and cancellation of Plaintiff's trademarks and trade dress is dismissed with prejudice, that Counterclaimant shall take nothing thereby, and that costs for the counterclaim are taxed against Counterclaimant and awarded to Counterdefendant Human Touch, LLC.;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the KKUI Defendants, their principals, employees, and/or agents and anyone acting in concert with any of them, including any entity controlled by any of the KKUI Defendants, or any host of a website over which any of the KKUI Defendants controls the content, are permanently enjoined from:

CHRISTIE, PARKER & HALE, LLP

a)  Using the phrases Human Touch, HT Human Touch and/or HTT Human Touch Technology as a trademark or trade name alone or in combination with other words or letters, including but not limited to HUMAN TOUCH MASSEUSE and ULTIMATE HUMAN TOUCH MASSEUSE, in any advertisement or an any website or in any other way in connection with the sale or offer for sale of massage chairs or other products;

(b)  Selling, offering for sale or advertising in the United States the KingKong Leisure model massage chair or any other chair having the same trade dress as or trade dress not colorably different from the trade dress of the Leisure model massage chair.

DATED:  September 24, 2008

_Valerie Baker Fairbank_

Hon. Valerie Baker Fairbank
United States District Judge

-4-

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT A

☐ ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN TOUCH, LLC (formerly INTERACTIVE HEALTH, LLC) and DAITO DENKI KOGYU K.K., d/b/a DAITO ELECTRIC MACHINE INDUSTRY COMPANY, LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>KINGKONG USA, INC., AMERICAN LIGHTING INDUSTRY, INC., BERNARD KOAY, an individual, WFO IMPORTS, LLC and BLAIR HAYES, an individual,<br><br>Defendants. | Case No. CV 06-1902 VBF PLAx<br><br>**SPECIAL VERDICT FORM**<br><br>**TRIAL DATE:   August 14, 2008**<br>**TIME:     8:30 a.m.**<br>**CTRM:    9**<br><br><u>**Hon. Valerie Baker Fairbank**</u> |

-1-

1        We, the jury in the above entitled case, find the following special verdict

2    on the questions submitted to us.

3    **Validity of Asserted Trademarks**

4      1. Have any of the Defendants proven that any of Plaintiff's federally

5        registered trademarks are not valid and protectable?

6        _____ YES   X   NO

7

8        *If you answer Yes, proceed to Question 2; if you answer No, proceed to*

9    *Question 3.*

10

11      2. Indicate below which, if any, of Plaintiff's federal trademark registrations

12        any Defendant has proven are not valid and protectable.

13        _____     U.S. Trademark Registration No. 2,556,765 for the mark

14                "HTT HUMAN TOUCH TECHNOLOGY"

15        _____     U.S. Trademark Registration No. 2,570,377 for the mark

16                "HTT HUMAN TOUCH TECHNOLOGY"

17

18      3. Has Plaintiff proven that it owns and has rights to the following

19        unregistered trademarks?

20        a. HUMAN TOUCH            X  YES _____ NO

21        b. HT HUMAN TOUCH        X  YES _____ NO

22        c. HUMAN TOUCH TECHNOLOGY   X  YES _____ NO

23

24        *If you have indicated both trademarks in Question 2 and have answered No*

25    *to Questions 3a, 3b, and 3c, proceed to Question 6; otherwise, proceed to*

26    *Question 4.*

27

28

**Alleged Infringement of Asserted Trademarks**

    4. Has Plaintiff proven that Defendant KingKong USA, Inc. has infringed at least one of Plaintiff's federally registered or unregistered trademarks?

    X YES _____ NO

*If you answer Yes, proceed to Question 5; if you answer No, proceed to Question 6.*

**Alleged Inducement of Trademark Infringement**

    5. Has Plaintiff proven that Defendant Bernard Koay induced KingKong USA, Inc. to infringe Plaintiff's trademarks?

    X YES _____ NO

**Validity of the Asserted Trade Dress**

    6. Has Plaintiff proven the existence of valid and protectable trade dress in the HTT-10/HT-120/HT-125 massage chairs?

    X YES _____ NO

*If you answer Yes, proceed to Question 7; if you answer No, proceed to Question 9.*

**Alleged Infringement of the Asserted Trade Dress**

    7. Has Plaintiff proven that Defendant KingKong USA, Inc. has infringed Plaintiff's trade dress?

    X YES _____ NO

*If you answer Yes, proceed to Question 8; if you answer No, proceed to Question 9.*

-3-

**Alleged Inducement of Trade Dress Infringement**

8. Has Plaintiff proven that Defendant Bernard Koay induced KingKong USA, Inc. to infringe Plaintiff's trade dress?

   X YES _____ NO

**Alleged Unfair Competition**

9. Has Plaintiff proven that any of the following Defendants engaged in unfair competition?

| | | |
|---|---|---|
| KingKong USA, Inc. | X YES | _____ NO |
| American Lighting Industry, Inc. | X YES | _____ NO |
| Bernard Koay | X YES | _____ NO |

*If you answered Yes to any portion of Questions 4, 5, 7, 8, or 9, proceed to Question 10; if you answered No to every portion of Questions 4, 5, 7, 8, and 9, proceed to the end of this form and sign and date the form where requested.*

**Intent**

10. Has Plaintiff proven that any of the following Defendants acted intentionally?

| | | |
|---|---|---|
| KingKong USA, Inc. | X YES | _____ NO |
| American Lighting Industry, Inc. | X YES | _____ NO |
| Bernard Koay | X YES | _____ NO |

-4-

**Damages – Defendant's Profits (Unjust Enrichment)**

11. What amount of profits, if any, has the Plaintiff proven should be awarded against Defendant KingKong USA, Inc. for

      Trademark infringement $ 2,230,490 .

      Trade dress infringement $ 602,881 .

      Unfair competition   $ 2,833,371 .

12. What amount of profits, if any, has the Plaintiff proven should be awarded against Defendant Bernard Koay for

      Trademark infringement $ 334,573 .

      Trade dress infringement $ 90,432 .

      Unfair competition   $ 425,005 .

13. What amount of profits, if any, has the Plaintiff proven should be awarded against Defendant American Lighting Industry, Inc. for

      Unfair competition   $ 4,555,250 .

Please sign and date the form.

Date: 8-22-2008

John Parrington
Foreperson

-5-

# CERTIFICATE OF SERVICE

I certify that on September 22, 2008, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as JUDGMENT ON TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION CLAIMS AND DISMISSING COUNTERCLAIM was served on the parties in this action by E-MAIL addressed as follows:

Samuel A. Wyman
Eric M. Schiffer
Chris D. Greinke
WOLFE & WYMAN, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614
sawyman@wolfewyman.com
emschiffer@wolfewyman.com
cdgreinke@wolfewyman.com

Attorneys for
Defendants/Counterclaimants
KING KONG USA, INC.,
AMERICAN LIGHTING INDUSTRY,
INC., and BERNARD KOAY


Richard Zaitlen
Stephen D. Byers
Jenna F. Leavitt
PILLSBURY WINTRHOP SHAW
PITTMAN, LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017
richard.zaitlen@pillsburylaw.com
sbyers@pillsburylaw.com
jenna.leavitt@pillsbury.com

Peter J. Korneffel, Jr.
Richard Benenson
BROWNSTEIN HYATT FARBER
SCHRECK, P.C.
410 Seventeenth Street, 22nd Floor
Denver, Colorado  80202-4437
pkorneffel@bhfs.com
rbenenson@bhfs.com
mimdieke@bhfs.com
sbingham@bhfs.com

Attorneys for
Defendants/Counterclaimints
WFO IMPORTS, LLC and
BLAIR HAYES


Peter R. Afrasiabi
TURNER, GREEN, AFRASIABI
& ARLEDGE, LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California  92626
pafrasiabi@turnergreen.com

CHRISTIE, PARKER & HALE, LLP

1

2          I declare that I am employed by a member of the bar of this Court, at

3   whose direction this service was made.

4          Executed on September 22, 2008 at Pasadena, California.

5

6                                                   _____

7                                                            Roxanne Gaines

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28