UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN TOUCH, LLC (formerly INTERACTIVE HEALTH, LLC) and DAITO DENKI KOGYU K.K., d/b/a DAITO ELECTRIC MACHINE INDUSTRY COMPANY, LTD.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>KINGKONG USA, INC., AMERICAN LIGHTING INDUSTRY, INC., BERNARD KOAY, an individual, HEALTHFIRST LLC, WFO IMPORTS, LLC and BLAIR HAYES, an individual,<br><br>  Defendants. | Case No. CV 06-1902 VBF PLAx<br><br>**JUDGMENT, PERMANENT INJUNCTION, AND DISMISSAL OF CLAIMS AND COUNTERCLAIMS**<br><br><br><br>**Hon. Valerie Baker Fairbank** |
| AND RELATED COUNTERCLAIMS | |

Plaintiffs Human Touch, LLC and Daito Denki Kogyu K.K. d/b/a Daito Electric Machine Industry Company, Ltd. ("Plaintiffs"), and Defendants KingKong USA, Inc., American Lighting Industry, Inc., and Bernard Koay a/k/a Weng Choo Koay a/k/a Weng C. Koay a/k/a Weng Koay (collectively, the "KKUI Defendants") having entered into a settlement agreement on the record in open court on August 5, 2008, pertaining to the trial of the patent claims,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.  This Court has jurisdiction over the parties and of the subject matter of this action.

2.  Venue is proper in this judicial district.

3.  U.S. Patent No. 6,629,940 (the "'940 Patent") is valid and enforceable as to the KKUI Defendants and each of them.

4.  The KKUI Defendants, their principals, employees, agents and other persons who are in active concert or participation with any of the foregoing are hereby immediately and permanently enjoined from making, using, offering to sell or selling in the United States or from importing into the United States any massage chair having a non-parallel, paddle-type lower leg massager or a stand alone non-parallel, paddle-type lower leg massager, including, but not limited to, massage chairs that have a lower leg massager that is the same or not colorably different from any of the lower leg massagers in the non-parallel, paddle-type models of the Caesar, Legacy Deluxe, and Leisure brands of massage chairs and the non-parallel, paddle-type iBot brand of stand-alone lower leg massagers.

5.  Massage chairs or ottomans of the KKUI Defendants containing (1) a parallel system only lower leg massager, (2) an airbag system only lower leg massager, or (3) a parallel and air bag system combined lower leg massager, do not

fall within the scope of the claims of and do not infringe the '940 Patent. The Mercury chair which Plaintiffs inspected does not infringe the '940 Patent.

6. The KKUI Defendants, their principals, employees, agents and other persons who are in active concert or participation with any of the foregoing are hereby immediately and permanently enjoined from challenging the validity and enforceability of the claims of the '940 Patent or voluntarily assisting any third party in challenging the validity or enforceability of the '940 Patent in any manner, including, without limitation, by filing a request for reexamination of the U.S. Patent Office, by bringing an action requesting a declaration of invalidity or unenforceability in a court or other tribunal of competent jurisdiction, or by cooperating with a third party to do any of the foregoing, except that the KKUI Defendants are not enjoined from responding to subpoenas for documents and deposition testimony or other Court order.

7. Plaintiffs' and the KKUI Defendants' claims and counterclaims for relief against each other with respect to the '940 Patent are hereby dismissed with prejudice. Plaintiffs and the KKUI Defendants hereby mutually release each other as to all patent claims with respect to sales that occurred on or before August 5, 2008. Plaintiffs and the KKUI Defendants hereby waive and relinquish all rights under California Civil Code Section 1542 with respect to sales that occurred on or before August 5, 2008.

8. Plaintiffs shall have and recover from the KKUI Defendants judgment in the principal amount of Four Hundred Thousand Dollars ($400,000).

9. Plaintiffs hereby release the Taiwanese company Kuang Yu Metal Working Co. Ltd. ("Kuang Yu") as to claims of infringement of the '940 Patent with respect to massage chairs sold by Kuang Yu to the KKUI Defendants on or before August 5,

2008. Plaintiffs, their principals, officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of the foregoing are hereby immediately and permanently enjoined from bringing or maintaining any action based on infringement of the '940 Patent with respect to massage chairs sold by Kuang Yu to the KKUI Defendants on or before August 5, 2008.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: December 11, 2008        _____

                                Hon. Valerie Baker Fairbank
                                United States District Court Judge