**DAVID A. DILLARD, CA Bar No. 97515**
e-mail: david.dillard@cph.com
**SYED A. HASAN, CA Bar No. 167323**
e-mail: art.hasan@cph.com
**GARY DUKARICH, CA Bar No. 188561**
e-mail: gary.dukarich@cph.com
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs/Judgment Creditors,
HUMAN TOUCH, LLC and
DAITO DENKI KOGYU K.K.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN TOUCH, LLC (formerly INTERACTIVE HEALTH, LLC) and DAITO DENKI KOGYU K. K., d/b/a DAITO ELECTRIC MACHINE INDUSTRY COMPANY, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> KINGKONG USA, INC. AMERICAN LIGHTING INDUSTRY, INC., BERNARD KOAY, an individual, HEALTHFIRST LLC, WFO IMPORTS, LLC, and BLAIR HAYES, an individual, <br><br> Defendants. | Case No. 2:06-cv-1902-VBF-PLA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE CERTAIN ORDERS AND AMEND JUDGMENT** <br><br> Date: July 12, 2010[1] <br> Time: 1:30 p.m. <br> Ctrm: 9 |
| AND RELATED COUNTERCLAIMS | **Hon. Valerie Baker Fairbank** |

### I. PURPOSE OF JOINT MOTION

Plaintiffs Human Touch, LLC and Daito Denki Kogyu, K.K. ("Plaintiffs")

---

[1] While this is a joint motion and so only counsel for Plaintiffs would appear at the hearing, the parties wish to give the Court an opportunity to discuss with Plaintiffs' counsel the merits of the vacatur and amendment, if the Court desires.

-1-

along with defendants WFO Imports, LLC and Blair Hayes (the "WFO Defendants"; collectively with Plaintiffs, the "Parties"), pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(5)&(6), jointly move and request the Court to vacate the Minute Order dated August 5, 2008 and entered on August 28, 2008 (Dkt. # 641) and the Minute Order dated December 1, 2008 and entered on December 2, 2008 (Dkt. # 781), and to amend the judgment dated September 24, 2008 and entered on September 25, 2008 (Dkt. # 691; the "Judgment"), superseding all the above by entering an amended judgment substantially in the form lodged herewith, *nunc pro tunc* as of September 25, 2008.[2]

The minute order entered on August 23rd grants WFO Defendants' Rule 50 JMOL motion and finds that Claims 8 & 9 of the patent in suit, U.S. Patent No. 6,629,940 (the "'940 Patent") are obvious, and the minute order entered on December 2nd conversely denies Plaintiffs' motion to find those claims non-obvious and valid.[3] The main difference between the Judgment as entered and the proposed form of judgment lodged herewith is deletion of reference to invalidity by obviousness as found in the two minute orders.[4] The main purpose of the requested vacation of orders and amendment of the Judgment is to remove any potential preclusive effect from the Court's obviousness determination regarding

---

[2] This case is currently on appeal, although the stipulation is being filed to dismiss all appeals and cross-appeals. The Parties thus acknowledge that entry of the requested relief may have to wait until the Federal Circuit's mandate returns.

[3] The other group of defendants had also argued this patent issue, but in open court on August 5, 2008 they settled out the patent claims against them, prior to WFO making its motion for JMOL and twenty-three days prior to the Court's entry of its written order finding Claims 8 and 9 obvious. Those other defendants received a dismissal of the patent claims against them. (Dkt. # 815 at ¶ 7.)

[4] Other differences between the two forms are generalization of claims asserted, addition of explicit amounts for prejudgment interest and costs, and WFO Defendants' acceptance of a permanent injunction against future infringement of the '940 Patent by massage chairs similar to those found infringing.

Claims 8 & 9. It is appropriate to do so, in order to avoid inadvertent or undue preclusive effects attaching to these rulings, which rulings would stand in the way of the Parties' expectations behind settlement, have not been reviewed on appeal, and since being rendered have been called into substantial question.

## II.   PROCEDURAL BACKGROUND

Following entry of the minute orders and the Judgment, the Parties appealed and cross-appealed various rulings, including the two minute orders at issue and the Judgment, to the U.S. Court of Appeals for the Federal Circuit. All appeals arising from the Action before this Court were consolidated before the Federal Circuit,[5] and were also temporarily stayed due to the bankruptcies of certain other defendants. While those appeals were pending and stayed, on or about September 11, 2009 the Parties entered into an agreement to settle the disputes between them and dismiss the appeal and cross-appeal between them. (A copy of that agreement is attached as Exhibit 1 to the Declaration of Gary Dukarich ("Dukarich Dec.") filed herewith.[6]) Some months elapsed, however, before the stays were lifted and the appeals mandate could return to this Court.

Meanwhile, during the original pendency of the Action before this Court, certain other defendants in this Action in February 2008 brought an *ex parte* request to the United States Patent & Trademark Office ("USPTO") for reexamination of the '940 Patent. (Dukarich Dec. ¶ 3 & Exh. 2.) Reexamination proceedings were granted by the USPTO in May 2008. (Id. at ¶ 3.) During the period of the appeals, a three-examiner panel of the USPTO on May 11, 2009 issued its final ruling on the reexamination, affirming all claims of the '940 Patent, including Claims 8 and 9. (Id. at ¶ 4 & Exh. 3.) A Reexamination

---

[5] One appeal which was brought before the Ninth Circuit by the other group of defendants was ordered transferred to the Federal Circuit.

[6] Because the terms of the settlement agreement are confidential, it has been requested to be filed under seal.

Certificate issued on the '940 Patent on July 21, 2009. (Id. at ¶ 5 & Exh. 4.)

### III. VACATING THE OBVIOUSNESS DETERMINATION IS APPROPRIATE AND BENEFICIAL IN THIS CASE

#### A. The Technical Analysis of the Obviousness Determination Has Been Called Into Substantial Question by the USPTO

The technical analysis behind the Court's obviousness determination has been called into substantial question by subsequent events. Though there has been and will be no review ruling from the Federal Circuit, the other authority on patents and obviousness, the USPTO, has ruled on precisely the same obviousness issues considered by the Court, and ruled in the opposite direction.

Specifically, the Court's obviousness ruling on Claims 8 and 9 singled out a particular piece of prior art, which was a portion of a patent application filed by or on behalf of Yamamoto, Japan Patent Office Laid-Open Patent Disclosure No. H05-42187, which in the Court's minute order is referred to as "JP '187." The Court relied on this single publication, in conjunction with unspecified other prior art generally, to invalidate Claims 8 and 9. This same reference had been raised and argued in defendants' reexamination request to the USPTO, there being referred to as "Sanyo." (Dukarich Dec. ¶ 3 & Exh. 2.) The reexamination ruling of the three-examiner panel of the USPTO specifically discusses this same reference as well, it there being referred to as "Yamamoto." (Id. at ¶ 4 & Exh. 3.) However, the USPTO panel of examiners differed with the Court, finding instead that the JP '187/Yamamoto reference neither anticipates nor renders obvious any claim of the '940 Patent. (Id.) Accordingly, the USPTO panel's reexamination confirmed all claims of the '940 Patent, including Claims 8 and 9.[7] (Id.) As noted below, in light of the questionable viability of the Court's obviousness determination any preclusive effects emanating from it are more likely to burden future courts and litigants than to assist them.

---

[7] The USPTO in fact allowed addition of sixteen new claims to the '940 Patent. (See Dukarich Dec. at ¶ 5 & Exh. 4.)

-4-

### B. <u>Vacatur Here Serves an Important and Beneficial Purpose</u>

The Parties' present Motion is no idle exercise. Plaintiffs, especially, have a significant and practical need and reason for requesting the vacatur relief. The market in which Plaintiffs operate is an active market for infringement, especially from overseas, and Plaintiffs continue active efforts to police the '940 Patent, whose life extends ten more years. (Id. at ¶ 6.) It is quite possible Plaintiffs may assert the '940 Patent, including Claims 8 and 9, against other infringers in the future. (Id.)

If left in place, the Court's obviousness determination may be given undue weight on account of potential preclusive effects, and cause unnecessary complications in a future infringement suit. Under current law, settlement by the litigating parties is not sufficient to prevent trial court rulings on an asserted patent from potentially later being given preclusive effect and even supporting offensive collateral estoppel, apparently even if the parties agree between themselves upon settlement that such rulings should *not* be given such preclusive effect. *See Dana v. E.S. Originals, Inc.*, 342 F.3d 1320 (Fed. Cir. 2003). Even though a future defendant's efforts to mount offensive collateral estoppel against Plaintiffs may likely be ultimately unsuccessful, a court in future may needlessly be forced to deal with pointless wrangling over the preclusive effects of the obviousness determination in this Action. Plaintiffs thus request the vacatur relief as they wish simply to avoid being unfairly burdened and prejudiced in a future litigation by issues of preclusive effect, and this is an appropriate use for vacatur. *See Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (vacating summary judgment of invalidity due to "Plaintiff's . . . compelling argument . . . that it will be unfairly prejudiced by the potential preclusive effect of the . . . order in future actions against third parties for patent infringement"); *see also Dana*, 342 F.3d at 1328 (Dyk, J., concurring; suggesting district court's vacatur as means to prevent unintended collateral estoppel).

-5-

### C. District Courts Have Often Exercised Their Power to Vacate a Patent Invalidity Determination to Further Settlement

It is common practice for a district court upon settlement of the parties to vacate prior rulings that invalidated patent claims. *See, e.g., Block Fin. LLC v. Lendingtree, LLC*, No. 01-1007-cv-ODS (W.D. Mo. Feb. 19, 2010) (joint motion to vacate and vacatur order attached as Dukarich Dec. Exhs. 5 & 6, respectively); *Gracenote, Inc. v. MusicMatch, Inc.*, No. C 02-3162 (N.D. Cal. Nov. 2, 2004) (unopposed motion to vacate and vacatur order attached as Dukarich Dec. Exhs. 7 & 8, respectively); *Persistence Software, Inc.*, 200 F.R.D. at 627; *see also U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941, 2006 U.S. Dist. LEXIS 47237 (N.D. Cal. July 3, 2006) (vacating claim construction and non-infringement summary judgment orders). Indeed, a district court has granted such vacatur where there was merely just the *prospect* of a USPTO reexamination soon to be requested. *See* Unopposed Mot. to Vacate in *Gracenote, Inc.*, at 2 (Dukarich Dec. Exh. 5, at 2 (PACER p. 3)). *A fortiori*, where the reexamination has completed and come to a ruling contrary to the court's determination, vacatur is proper.

These courts' application of vacatur to prior patent invalidity rulings upon the parties' settlement was well within their powers. A district court's vacating even of a fully entered judgment upon the parties' settlement does not require "exceptional circumstances," but merely a balancing of the equities involved. *See Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1167-69 (9th Cir. 1998); *see also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994) (appeals court may remand vacatur issue for district court's consideration even in absence of extraordinary circumstances). Such power to vacate a judgment may properly be exercised under Rule 60(b) in furtherance of settlement. *See Novell, Inc. v. Network Trade Ctr., Inc.*, 187 F.R.D. 657, 660-61 (D. Utah 1999) (collecting cases). Here, of course, the Parties are not

CHRISTIE, PARKER & HALE, LLP

asking for vacation of the entire substance of the Judgment, but only for excision of that portion arising from the earlier obviousness determination. Viewed as such, the appropriate standard for the amendment requested here may indeed be that of Rule 54(b), under which a court maintains broad authority to vacate and amend its interlocutory rulings. *See* Advisory Comm. Notes to Fed. R. Civ. P. 60(b), 1946 Amendment.

### D. <u>Equitable Factors All Weigh in Favor of Vacating the Obviousness Determination</u>

The Ninth Circuit guides that "the district court can decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games, Inc.*, 142 F.3d at 1167 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)); *see also Click Entm't, Inc. v. JYP Entm't Co.*, No. 07-00342, 2009 U.S. Dist. LEXIS 86973, (D. Haw. Sept. 22, 2009) (applying these equitable factors upon parties' settlement to vacate prior ruling). In this case, all applicable equitable factors support vacating the obviousness determination.

The obviousness determination here does not promote the finality of judgment or advance judicial economy for future litigants. To the contrary, there is substantial uncertainty over its continuing viability in the face of the contrary USPTO reexamination ruling. The Federal Circuit, like Congress, recognizes the expertise of the USPTO in reexaminations; it has long acknowledged the advantage of USPTO reexaminations of patents, which "allow[] the validity of a patent to be 'tested in the Patent office *where the most expert opinions exist* . . . .'" *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (emphasis added) (quoting H. Rep. 1307 (I), 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. CODE CONG. & ADMIN. NEWS 6460, 6463). Given its view of the USPTO's reexamination expertise, the Federal Circuit on appeal in this case would likely

CHRISTIE, PARKER & HALE, LLP

have given the USPTO's reexamination decision substantial weight, and may well have sided with the USPTO in its ruling; this heightens the propriety and desirability of vacatur here. *See 1992 Republican Senate-House Dinner Comm. v. Carolina's Pride Seafood, Inc.*, 158 F.R.D. 223, 224 (D.D.C. 1994) (prior order vacated because "Plaintiff may well have received a favorable judgment on the outstanding issue [sought to be vacated] had the case proceeded"); *see also Click Entm't, Inc.*, 2009 U.S. Dist. LEXIS 86973, at *9-10 ("existence of . . . an issue [of "some valid concern" about a questionable verdict supporting the judgment] weighs against finality of judgment where settlement precludes further review").

Grant of vacatur does not work a hardship on any of the Parties. They have voluntarily settled, and agreed on vacatur as part of that settlement. Given this settlement, the requested vacatur poses no concern of the Parties unnecessarily relitigating issues from the Action. Vacating the obviousness determination further does not change the litigation outcome, nor increase the liability of the WFO Defendants, who were found to infringe other claims of the '940 Patent besides Claims 8 and 9 anyway. No hardship is wrought on Plaintiffs, either, by the vacatur. Even as prevailing parties in the Action, along with WFO Defendants who were the "prevailing parties" as regards the obviousness determination, Plaintiffs voluntarily entered into the settlement of which vacatur is a part. *See Click Entm't, Inc.*, 2009 U.S. Dist. LEXIS 86973, at *7 (fact that prevailing party seeks vacatur weighs in favor of grant).

Indeed, it would be *lack* of vacatur that would impose a hardship on Plaintiffs, from possible unwanted preclusive effects and unnecessary litigation complexity. *See id.* at *8 ("in refusing to approve the [vacatur] Stipulation, the Court would be acting contrary to the agreement of the Parties and contrary to contemplated provisions of the settlement agreement. Therefore, the consideration of hardships for vacating, or refusing to vacate, weighs in favor of vacating" [footnote omitted]). As noted in the Parties' stipulation for the present

Motion, vacating the obviousness determination was material to the settlement and to dismissal of Plaintiffs' appeal. (Dukarich Dec. at ¶ 11.) This is not surprising, because the propriety of the invalidation of Claims 8 and 9 was among the live issues on appeal, and the settlement foreclosed Plaintiffs' ability to pursue Federal Circuit review of that issue. This, frankly, is an "unreviewed dispute" that does deserve to be relitigated in future if necessary. It was therefore material to the settlement to prevent the unreviewed obviousness determination from producing unintended or undue preclusive effects beyond its direct effects on the WFO Defendants. The Parties thus look to the Court to promote and encourage settlement by allowing the expectations enabling the settlement to be realized to the greatest extent possible. As the *Click Entertainment* court noted,

> vacating the . . . Judgment was contemplated as part of settlement (though not made a condition of settlement)[8], and thus the Court should, where appropriate, support the negotiations and terms of settlement. "The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements."

2009 U.S. Dist. LEXIS 86973, at *7 (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)); *see also 1992 Republican Senate-House Dinner Comm.*, 158 F.R.D. at 224 (prior order vacated, among other reasons, "to reward the parties for settlement").

Finally, looking to the other side of the balance, there is no improper motive behind the requested vacatur. The Parties are not settling to avoid finality of judgment; this is not a situation where one party's avoidance of an adverse decision was the driving force behind the settlement. *Cf. Ringsby Truck Lines,*

---

[8] As noted below, the fact that the settlement was not expressly conditioned upon the vacatur was found by the *Click Entertainment* court to be a factor in favor of granting vacatur, as it demonstrated that the parties were not settling simply to avoid an unwanted ruling. *See* 2009 U.S. Dist. LEXIS 86973, at *10.

-9-

1  *Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). That fact is demonstrated here by the Parties not expressly pre-conditioning the settlement on the vacatur, and by they fact that they are jointly requesting the vacatur. *See Click Entm't, Inc.*, 2009 U.S. Dist. LEXIS 86973, at *10 (not pre-conditioning settlement on vacatur and jointly requesting vacatur are factors weighing against improper motive and in favor of vacatur grant). Moreover, the Parties are not attempting to expunge the Court's views from the public record. Though Plaintiffs respectfully disagree with the Court's analysis, as apparently does the USPTO, that analysis itself remains present in the docket for anyone to consult. Along with all the other equitable factors, this factor weighs in favor of the requested relief.

## IV.   CONCLUSION

Vacating the obviousness determination in this case will avoid unwanted preclusive effects and unnecessary complexity in any potential future litigation, and will reward and assist the Parties regarding their settlement. The Parties jointly request it, and the applicable equitable factors all weigh in favor of it. For all the reasons given above, the Parties accordingly jointly move and request that the Court vacate the two minute orders and the Judgment, and enter the form of judgment lodged herewith, *nunc pro tunc* as of September 25, 2008.

DATED:  May 25, 2010            Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By  /s/  Gary Dukarich
    David A. Dillard
    Syed A. Hasan
    Gary Dukarich

Attorneys for Plaintiffs/Judgment Creditors
HUMAN TOUCH, LLC and
DAITO DENKI KOGYU K.K.

GSD IRV1119063.1-*-05/25/10 4:01 PM

CHRISTIE, PARKER & HALE, LLP